# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Carol Brown, ) | |
| ) | Civil Action No. 1:11-cv-03245-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court upon Plaintiff's Petition for Fees ("Petition") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Dkt. No. 29]. The Commissioner opposes the Petition on the ground that her position in this case was substantially justified. [Dkt. No. 30].

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The Commissioner has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). The standard requires more than a showing of lack of frivolity. *See Pierce v. Underwood*, 487 U.S. 552

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

1

(1988). However, the Social Security Administration's position may be substantially justified even though it is incorrect, if a reasonable person could believe the position was appropriate. *Id.* at 566 n.2. The Commissioner's position will typically be substantially justified "if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In this case, Plaintiff alleges disability due to agoraphobia, degenerative disc disease, and spondylosis. [Dkt. No. 23 at 2]. She claims that these afflictions have been present since 1977, but that she became unable to work on August 10, 2007, when she was released from her job as a bus driver. *Id.* Plaintiff's initial application for Disability Insurance Benefits ("DIB") was denied and on reconsideration by the Social Security Administration, so she requested a hearing before an administrative law judge ("ALJ"). *Id.* On January 19, 2010, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* Plaintiff requested an Appeals Council review of that decision. *Id.* The Appeals Council denied the request making the ALJ's determination the final decision of the Commissioner. *Id.* On November 29, 2011, Plaintiff filed an action in this court for judicial review of the underlying administrative decision. [Dkt. No. 1].

During the court's substantive review of the case, Plaintiff asserted that the ALJ improperly accorded no weight to the opinions of Plaintiff's treating physician Dr. Mullen and that the ALJ failed to evaluate the combined effect of Plaintiff's multiple impairments.[2] [Dkt. No. 23 at 13]. The Magistrate Judge agreed with Plaintiff and recommended this court reverse and remand the case for further administrative proceedings. *Id.* at 27. The Commissioner did not file any objections to the Report and Recommendation. This court adopted the Report and Recommendation in its entirety and reversed and remanded the case for further proceedings. [Dkt. No. 27].

As a preliminary matter, the Commissioner's decision not to object to the Magistrate Judge's Report should not be read as an admission that the Commissioner's position was not substantially justified. *See Threlkeld v. Astrue*, No. 4:07-1855, 2008 WL 4816991 (D.S.C. Oct. 28, 2008) (finding the Commissioner's position was substantially justified though the Commissioner did not object to the magistrate judge's Report and Recommendation). As to other preliminary matters, the Commissioner does not dispute that Plaintiff is a prevailing party in this matter, Plaintiff's counsel's hourly rate, or the paralegal's hourly rate. Therefore, the court turns to the question of whether the Commissioner's position was substantially justified.

Plaintiff argues that the Commissioner was not substantially justified because she opposed remand of the ALJ's decision even though the ALJ had assigned no weight to the treating physician's opinion. [Dkt. No. 29-1 at 8]. Plaintiff asserts that this directly conflicts with established case law that allows an ALJ to assign little weight rather than no weight to the treating physician's opinion. *Id.* Plaintiff also argues that the ALJ improperly evaluated the opinion of Dr. Wadee; the ALJ improperly evaluated the opinion of Plaintiff; and, the ALJ failed

---

[2] The Magistrate Judge did not address Plaintiff's other claims of error but recommended that the ALJ reconsider those issues as well on remand.

3

to properly consider the combination of Plaintiff's impairments. *Id.* at 8-9. Plaintiff also believes that the Commissioner was not substantially justified in regard to these issues. The Commissioner counters that a reasonable person could think that the government's position was correct and that the ALJ was substantially justified in rejecting the opinion of the treating physician. Further, the Commissioner argues that the ALJ's evaluation of Dr. Wadee, Plaintiff, and the combination of impairments, was substantially justified. [Dkt. No. 30 at 5].

The court first addresses the Commissioner's position with regard to whether the ALJ considered the combination of Plaintiff's impairments. The primary question that must be resolved is whether the ALJ failed to perform certain analyses required by the relevant statutes, regulations, and case law, or whether the ALJ merely failed to adequately explain his conclusions. If the ALJ failed to perform certain required analyses, then the Commissioner's position cannot be substantially justified. *See Makinson v. Astrue*, 586 F. Supp. 2d 491, 495 (D.S.C. 2008); *Adams v. Barnhart*, 445 F. Supp. 2d 593, 596 (D.S.C. 2006). However, if the ALJ merely failed to articulate a decision that was otherwise reasonable in law and fact, then the Commissioner's position can be substantially justified. *See Hurell v. Barnhart*, 444 F. Supp. 2d 574, 577 (D.S.C. 2006) (finding that "while the Commissioner's position was not explained as thoroughly as this court requires, it had a basis both in law and fact that could satisfy a reasonable person").

Several courts in this district have recently held that the Commissioner's position was not substantially justified to a degree that could satisfy a reasonable person when the ALJ failed to consider and adequately explain his or her evaluation of the combined effects of an individual's impairments. *See Lucas v. Astrue*, CA 5:10–cv–02606–JMC, 2013 WL 170006 (D.S.C. Jan. 16 2013); *Scalf v. Astrue*, CA 4:10–1192–MBS, 2012 WL 80212 (D.S.C. Jan. 11, 2012); *Harmon v.*

4

*Astrue*, CA 9:09–1964–DCN–BM, 2011 WL 2623346 (D.S.C. July 5, 2011); *Gray v. Astrue*, CA 0:08–3910–PMD, 2010 WL 2622391 (D.S.C. June 25, 2010); *Dibiase v. Comm'r of Soc. Sec.*, CA 1:09–338–RBH, 2010 WL 4393242 (D.S.C. Oct. 29, 2010). *But see Thornsberry v. Astrue*, CA 4:08–4075–HMH–TER, 2010 WL 146483 (D.S.C. Jan. 12, 2010) (finding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments").

In this case, the court found that the ALJ failed to adequately consider and specifically explain his evaluation of the cumulative effect of Plaintiff's physical and mental impairments. The court was particularly troubled by the ALJ's apparent failure to consider the cumulative effect of Plaintiff's physical and mental impairments in determining whether Plaintiff met or medically equaled any of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. The United States Court of Appeals for the Fourth Circuit requires the ALJ to not only consider the combined effects of claimant's impairments, but to adequately explain his evaluation of the combined effects of the individual's impairments. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) ("The Secretary must consider the combined effect of a claimant's impairments and not fragmentize them [and][a]s a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.") (internal citations omitted). The court rejected the Commissioner's argument that the "generic declaration" in the ALJ's opinion stating that he had considered all symptoms alone and in combination was sufficient to demonstrate that the ALJ had considered the cumulative effect of Plaintiff's impairments. [Dkt. No. 23 at 19-20]. Consequently, the ALJ failed to perform certain analyses required by the relevant statutes,

regulations, and case law. As this issue is dispositive, the court does not address Plaintiff's remaining arguments.

In the response the Commissioner indicates that

> [i]f, after receiving the [c]ourt's EAJA fee order, Defendant (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney.

[Dkt. No. 30 at 6]. Plaintiff acknowledges this arrangement, and also asks that the check be addressed to counsel's office. [Dkt. No. 31 at 4]. In *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the Supreme Court of the United States held that EAJA required that attorney's fees should be awarded to the litigant not the litigant's attorney. While some district courts have allowed the conditional assignment of fees post-*Ratliff*, *see, e.g., Ledford v. Astrue*, CA No. 1:07-cv-334, 2010 WL 5211493 (W.D.N.C. Dec. 16, 2010), this has not been the practice in the District of South Carolina. *See Williams v. Astrue*, CA 0:10–cv–00004–JMC, 2012 WL 6615130 (D.S.C. Dec. 19, 2012); *see also*, *Phillips v. Astrue*, CA 1:10–936–TLW, 2011 WL 5041751 (D.S.C. Oct. 21, 2011); *Brinkley v. Astrue*, CA 3:08–3427–GRA, 2010 WL 3192909 (D.S.C. Aug. 11, 2010); *Tate v. Astrue*, CA 3:09–3246–CMC–JRM, 2010 WL 4860356 (D.S.C. Nov. 23, 2010). Therefore, fees are to be addressed and sent directly to Plaintiff.

Plaintiff also argues that supplemental fees should be awarded for the time required to reply to Commissioner's response. Plaintiff's request for supplemental fees is denied because the court finds that the reply is repetitive of the arguments in the initial fee request.

Having considered the record, the court finds that the Commissioner has not demonstrated that she was substantially justified in her position in this matter. Therefore, Plaintiff's Petition for **FEES** Under the Equal Access to Justice Act [Dkt. No. 29] is **GRANTED.** The court awards

fees in the amount of $4,770.00 based on 12.5 hours of attorney services rendered at $180.00 per hour and 28 hours of paralegal work at $90.00 per hour.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 26, 2013
Greenville, South Carolina